ORIGINAL

# GUILTY PLEA and PLEA AGREEMENT

United States Attorney
Northern District of Georgia

**FILED IN CLERK'S OFFICE**
**U.S.D.C.** Gainesville

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

**JAN 2 0 2011**

**JAMES N. HATTEN,** Clerk

**By** _____
Deputy Clerk

CRIMINAL NO. 2:11-CR-001

The United States Attorney for the Northern District of Georgia and Defendant ROBERT RANDAL JONES enter into this plea agreement as set forth below in Part IV pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. ROBERT RANDAL JONES, Defendant, having received a copy of the above-numbered Information and having been arraigned, hereby pleads GUILTY to Count 1 thereof.

## I.   ADMISSION OF GUILT

The Defendant admits that he is pleading guilty because he is in fact guilty of the crime charged in Count 1 of the Information.

## II.   ACKNOWLEDGMENT & WAIVER OF RIGHTS

The Defendant understands that by pleading guilty, he is giving up the right to plead not guilty and the right to be tried by a jury. At a trial, the Defendant would have the right to an attorney, and if the Defendant could not afford an attorney, the Court would appoint one to represent the Defendant at trial and at every stage of the proceedings. During the trial, the Defendant would be presumed innocent and the Government would have the burden of proving him guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the witnesses

against him.  If the Defendant wished, he could testify on his own behalf and present evidence in his defense, and he could subpoena witnesses to testify on his behalf.  If, however, the Defendant did not wish to testify, that fact could not be used against him, and the Government could not compel him to incriminate himself.  If the Defendant were found guilty after a trial, he would have the right to appeal the conviction.

The Defendant understands that by pleading guilty, he is giving up all of these rights and there will not be a trial of any kind.

By pleading guilty, the Defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could have been filed.

The Defendant also understands that he ordinarily would have the right to appeal his sentence and, under some circumstances, to attack the conviction and sentence in post-conviction proceedings. By entering this Plea Agreement, the Defendant may be waiving some or all of those rights to appeal and to collaterally attack his conviction and sentence, as specified below.

Finally, the Defendant understands that, to plead guilty, he may have to answer, under oath, questions posed to him by the Court concerning the rights that he is giving up and the facts of this case, and the Defendant's answers, if untruthful, may later be used against him in a prosecution for perjury or false statements.

### III. ACKNOWLEDGMENT OF PENALTIES

The Defendant understands that, based on his plea of guilty, he will be subject to the following maximum and mandatory minimum penalties:

    (a)   Maximum term of imprisonment: 30 years.

    (b)   Mandatory minimum term of imprisonment: None.

    (c)   Term of supervised release: three years to five years.

    (d)   Maximum fine: $1,000,000, due and payable immediately.

    (e)   Full restitution, due and payable immediately, to all victims of the offense(s) and relevant conduct.

    (f)   Forfeiture of any and all proceeds from the commission of the offense and any and all property used to facilitate the offense.

    (g)   Mandatory special assessment: $100.00, due and payable immediately.

The Defendant understands that, before imposing sentence in this case, the Court will be required to consider, among other factors, the provisions of the United States Sentencing Guidelines and that, under certain circumstances, the Court has the discretion to depart from those Guidelines. The Defendant further understands that the Court may impose a sentence up to and including the statutory maximum as set forth in this paragraph and that no one can predict his exact sentence at this time.

### IV.   PLEA AGREEMENT

The Defendant, his counsel, and the United States Attorney for the Northern District of Georgia ("the Government"), as counsel for the United States, subject to approval by the Court, have agreed upon a negotiated plea in this case, the terms of which are as follows:

### No Additional Charges

The United States Attorney for the Northern District of Georgia agrees not to bring further criminal charges against the Defendant related to the charges to which he is pleading guilty. The Defendant understands that this provision does not bar prosecution by any other federal, state, or local jurisdiction.

### Sentencing Guidelines Recommendations

Based upon the evidence currently known to the Government, the Government will recommend the following applications of the Sentencing Guidelines:

(a)   Pursuant to § 2B1.1(a)(1), the base offense level is 7.

(b)   Pursuant to § 2B1.1(b)(1)(J), the loss was more than $2,500,000 but less than $7,000,000, which results in an 18-level increase.

(c)   Pursuant to § 2B1.1(b)(9)(C), the offense involved sophisticated means, which results in a 2-level increase.

(d)   Pursuant to § 2B1.1(b)(14)(B)(i), the offense substantially jeopardized the safety and soundness of a

financial institution, which results in a 4-level increase.

(e) Pursuant to § 3B1.1(a), the Defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, which results in a 4-level increase.

## Acceptance of Responsibility

The Government will recommend that the Defendant receive the two-level adjustment for acceptance of responsibility pursuant to Section 3E1.1 of the Sentencing Guidelines, and the additional one-level adjustment if the offense level is 16 or higher. However, the Government will not be required to recommend acceptance of responsibility if, after entering this Plea Agreement, the Defendant engages in conduct inconsistent with accepting responsibility. Thus, by way of example only, should the Defendant falsely deny or falsely attempt to minimize Defendant's involvement in relevant offense conduct, give conflicting statements about Defendant's involvement, fail to pay the special assessment, fail to meet any of the obligations set forth in the Financial Cooperation Provisions set forth below, or participate in additional criminal conduct, including unlawful personal use of a controlled substance, the Government will not be required to recommend acceptance of responsibility.

### Right to Answer Questions,
### Correct Misstatements, and Make Recommendations

The Government reserves the right to inform the Court and the Probation Office of all facts and circumstances regarding the Defendant and this case, and to respond to any questions from the Court and the Probation Office and to any misstatements of fact or law. Except as expressly stated elsewhere in this Plea Agreement, the Government also reserves the right to make recommendations regarding application of the Sentencing Guidelines.

### Right to Modify Recommendations

With regard to the Government's recommendation as to any specific application of the Sentencing Guidelines as set forth elsewhere in this Plea Agreement, the Defendant understands and agrees that, should the Government obtain or receive additional evidence concerning the facts underlying any such recommendation, the Government will bring that evidence to the attention of the Court and the Probation Office. In addition, if the additional evidence is sufficient to support a finding of a different application of the Guidelines, the Government will not be bound to make the recommendation set forth elsewhere in this Plea Agreement, and the failure to do so will not constitute a violation of this Plea Agreement.

### Forfeiture

The defendant agrees that he shall immediately forfeit to the United States (1) any and all interest in any and all property,

real and personal, constituting, or derived from, proceeds obtained, or traceable to, the commission of the offense set forth in Count 1 of the Information to which he is pleading guilty, including, but not limited to, the following:

A. MONEY JUDGMENT:

(1) A sum of money in United States Currency, representing the amount of proceeds obtained as a result of the offense.

B. REAL PROPERTY:

(1) 633 W. ELK AVENUE, ELIZABETHTON, CARTER COUNTY, TENNESSEE, and all buildings and appurtenances thereon, more particularly described as follows:

Situated in the City of Elizabethton, Fifteenth (15th) Civil District of Carter County, Tennessee, and more particularly described as follows:

Being all of Outparcel #1 (1.18 acres), as shown on a Plat entitled "Elk Crossing Shopping Center," by Thomas Todd Grayson dated March 30, 2005, and recorded in Plat Cabinet C, Slide 649-650, in the Office of the Register of Deeds for Carter County, at Elizabethton, Tennessee.

BEING a part of the same property conveyed to Bemberg Shopping Center, LLC, a Tennessee Limited Liability Company, by Special Warranty Deed dated September 15, 2003, from Seville Properties I, Ltd., a Tennessee Limited Partnership, which appears of record in the Office of the Register of Deeds for Carter County, at Elizabethton, Tennessee, in Deed Book 480, at page 683.

Parcel ID No.: 041A-A-016.15-000-15-041A.

(2) 508 E. BROADWAY BLVD., JEFFERSON CITY, JEFFERSON COUNTY, TENNESSEE, and all buildings and appurtenances thereon, more particularly described as follows:

SITUATED in the Forth (4th) Civil District of Jefferson County, Tennessee, within the corporate limits of Jefferson City, and being 20' of Tract No. Seven (7) and All of Tract No. Eight (8) of the Jessie Swann Rankin Farm, as shown by plat of record In the Register's Office for Jefferson County, Tennessee, in Plat Cabinet C, Slide 159 (formerly Plat Book 7, Page 29), to which Plat reference is here made for a more particular description.

THERE IS EXCEPTED from the above described property that portion of Tract 7 conveyed to Lawrence Moody and wife, Willa Moody, by Warranty Deed dated December 19, 1983, of record in the Office of the Register of Deeds for Jefferson County, Tennessee, in Warranty Deed Book 281 at Page 351.

BEING the same property conveyed to Albert Ballance and wife, Rhonda Ballance, per Warranty Deed of Charles E. Gaines and wife, June V. Gaines, dated January 23, 2003, of record in the Office of the Register of Deeds for Jefferson County, Tennessee, in Instrument Book 546 at Page 324.

THERE is reserved and excepted from this conveyance all of the minerals, mineral interests and mining rights in, on, and under the above described premises which have been heretofore conveyed to the American Zinc Company by deed dated March 14, 1970, of record in the aforesaid Register's Office in Deed Book 162 at Page 277.

The description of the above property was taken from the Warranty Deed of record in Instrument Book 546 at Page 324 in the Office of the Register of Deeds for Jefferson County, Tennessee.

Parcel ID No.: 0150-A-006.00-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.

(3)   2148 W. ANDREW JOHNSON HWY., MORRISTOWN, HAMBLEN COUNTY, TENNESSEE, and all buildings and appurtenances thereon, more particularly described as follows:

TRACT ONE: SITUATE in the First Civil District of Hamblen County, Tennessee, within the corporate limits of the City of Morristown, and being more particularly described as follows:

BEGINNING at an iron pin in the northern right of way of U.S. 11-E, corner to McDonald's; thence with McDonald's North 4 deg., 49 min., East 222.8 feet to a fence post corner to Taylor and Turner; thence with Taylor and Turner, North 78 deg., 15 min., East 90 feet to an iron pin; thence South 4 deg., 01 min., West 202.7 feet to an iron pin in the northern edge of U.S. 11-E; thence with 11-E; thence with the 11-E three calls: South 69 deg., 12 min., West 32.9 feet; thence South 67 deg., 04 min., West 35 feet; thence South 65 deg., 39 min., West 32.1 feet to the BEGINNING.

BEING the same property conveyed to Fred Goldsmith and Thomas B. Goldsmith per deed of A.E. Taylor and wife, LaRena Taylor, dated July 14, 1977, of record in the Office of the Register of Deeds for Hamblen County, Tennessee, in Deed Book 272, Page 349.

TRACT TWO: SITUATE in the First Civil District of Hamblen County, Tennessee, within the corporate limits at the City of Morristown, and being more particularly described as follows:

BEGINNING at an iron pin in the Northern edge of U.S. 11-E, corner to Taylor; thence with Taylor North 4 deg., 01 min., East 202.7 feet to an iron pin corner to Taylor and Turner; thence with Taylor and Turner North 78 deg., 15 min., East 79.02 feet to a point corner to Taylor; thence with Taylor South 4 deg., 49 min., West 191.25 feet to a point in the edge of U.S. 11-E; thence with 11-E South 72 deg., 07 min., West 13.46 feet; thence continuing

Page 9 of 29

with 11-E South 69 deg., 50 min., West 67.2
feet to the BEGINNING

SUBJECT to any part of the storm sewage
easement granted from Clay Collins to the City
of Morristown which may cross this property.

BEING the same property conveyed to Fred
Goldsmith and Thomas B. Goldsmith per deed of
Arvin E. Taylor, DDS, Inc., a Tennessee
corporation, dated July 14, 1977, of record in
the Office of the Register of Deeds for
Hamblen County, Tennessee, in Deed Book 272,
page 351.

Parcel ID No.: 041BA-002.02-000-01-041B.

(4)   2616 E. STONE DRIVE, KINGSPORT, SULLIVAN COUNTY,
TENNESSEE, and all buildings and appurtenances
thereon, more particularly described as follows:

Land in Sullivan County, Tennessee, being Lot
No. 5 on the Plan of Lot 5 and Revised Lot 1,
Kingsport Pavilion Property Subdivision, of
record in Plat Book 52, Page 813, Register's
Office for Sullivan County, Tennessee, to
which plat reference is hereby made for a more
complete and accurate legal description.

Being part of the property conveyed to
Kingsport Pavilion, LLC, a Tennessee limited
liability company, FR-141, LLC, a Georgia
limited liability company, and J. Pope
Holdings, LLC, a Georgia limited liability
company, as tenants in common, by deed of
record in Deed Book 2319C, Page 326, said
Register's Office.

Parcel ID No.: 047-027.11-000-11-047.

(5)   1381 GEORGIA ROAD, FRANKLIN, MACON COUNTY, NORTH
CAROLINA, and all buildings and appurtenances
thereon, more particularly described as follows:

Being a portion of the lands described in and
conveyed by the deed from James VanderWoude
and wife, Lois VanderWoude, Christopher J.
VanderWoude, unmarried, and Scott A.
VanderWoude and wife, Satu VanderWoude, to Big

Bear of North Carolina, LLC, dated June 15,2004, recorded in the Office of the Macon County Register of Deeds in Book I-28, Pages 1436-1438, as follows:

"Beginning at a point in the centerline of U.S. Highway 23/441 South of Franklin at the place where said centerline is intersected by the centerlines of State Road 1152 and State Road 1652, and runs thence from said point of beginning with the centerline of State Road 1152 as follows: North 61 degrees 01 minutes 40 seconds West 67.66 feet; North 57 degrees 20 minutes 59 seconds West 24.74 feet; North 45 degrees 04 minutes 28 seconds West 16.06 feet; North 35 degrees 11 minutes 27 seconds West 17.15 feet; North 26 degrees 41 minutes 37 seconds West 20.10 feet; North 21 degrees 09 minutes 24 seconds West 24.48 feet; North 16 degrees 06 minutes 18 seconds West 28.26 feet; North 15 degrees 36 minutes 27 seconds West 49.28 feet; North 18 degrees 54 minutes 20 seconds West 35.27 feet; North 21 degrees 59 minutes 31 seconds West, 40.53 feet; North 23 degrees 55 minutes 51 seconds West 97.77 feet and North 23 degrees 52 minutes 55 seconds West 92.84 feet to a point in said centerline; runs thence, leaving said centerline, a divisional line, South 86 degrees 35 minutes 20 seconds East passing an iron pipe set at 35 feet, passing a second iron pipe set at 200.09 feet, whole distance 275.09 feet to a point in the centerline of U.S. Highway 23/441 as follows: runs thence with the centerline of U.S. Highway 23/441 South as follows: 03 degrees 24 minutes 40 seconds West 247.77 feet; South 04 degrees 30 minutes 52 seconds West 53.59 feet; South 05 degrees 08 minutes 43 seconds West 49.33 feet; South 05 degrees 55 minutes 34 seconds West 33.38 feet; and South 06 degrees 27 minutes 03 seconds West 32.82 feet to the point of BEGINNING, containing 1.62 acres as shown on a survey map by Thomas H. Cabe, R.L.S., dated August 10, 2002, drawing #2074A. (Revised 3-17-05)

"Subject to the rights of way of U.S. Highway 23/441 and State Road 1152, to easements for

existing roadways and utility lines and facilities, to restrictions of record and to applicable land use laws and ordinances."

Party of the first reserves unto itself, its successors and assigns, an easement for the placement, use, and maintenance of a railroad caboose and advertising sign upon a portion of the lands hereby conveyed, being more particularly described as follows: BEGINNING at an iron pipe, said point of beginning being located the following four courses and distances from the beginning corner of the lands hereby conveyed, to-wit: North 06 deg., 27 min., 03 sec., East 32.82 feet to a point, North 05 deg., 55 min., 34 sec., East 33.38 feet to a point, North 05 deg., 08 min., 43 sec., East 49.33 feet to a point, and North 84 deg., 04 min., 24 sec., West 52.85 feet to the point of BEGINNING; runs thence from said point of beginning thus established, South 55 deg., 22 min., 35 sec., West 53.18 feet to a point, North 27 deg., 33 min., 56 sec., West 37.50 feet to a point, North 46 deg., 37 min., 12 sec., East 51.48 feet to a point, and South 31 deg., 41 min., 19 sec., East 45.11 feet to the point of be ginning, containing 0.05 acres, more or less.

Party of the first part further conveys unto party of the second part, its successors and assigns, a non-exclusive easement for the use of the entrances and road ways located upon the Whistle Stop Mall property lying immediately to the North of the lands hereby conveyed.

Parcel ID No.: 6584706502.

(6)   601 FRIENDLY MISSION LANE, CORNELIA, HABERSHAM COUNTY, GEORGIA, and all buildings and appurtenances thereon, more particularly described as follows:

ALL THAT TRACT or parcel of land lying and being in Land Lot 94 of the 10th Land District of Habersham County, Georgia, designated as Tract 2, containing 9.00 acres, more or less, as shown on a plat of survey prepared for Clay

Strange by Max Lewallen, R.S., under date of July 5, 1988, a copy of said plat being of record in the office of the Clerk of Superior Court of Habersham County, Georgia, in Plat Book 26, Page 167, to which said plat and the record thereof reference is hereby made for a more complete description.

TOGETHER WITH a non-exclusive easement for ingress and egress over and along the 20 foot easement leading from Crane Mill Road to the above-described land.

Parcel ID No.: 027-197.

(7)  TRACT ONE (44.9 Acres) and TRACT TWO (5.0 Acres), MORE OR LESS, IN OR AROUND THE CITY OF HARTWELL, HART COUNTY, GEORGIA, and all buildings and appurtenances thereon, more particularly described as follows:

TRACT ONE: ALL THAT TRACT or parcel of land, with improvements thereon, lying and being in the 1112th Georgia Militia District of Hart County, Georgia, located on the southwest side of the Hartwell-Bowersville Road, located approximately two miles west of Hartwell, Georgia, containing 44.90 acres, more or less, and known as a portion of the George T. Bailey Place (and more recently the Joe and Betty Griggs Farm) and including the property acquired by Betty R. Griggs from Harold Gurley and Sidney Moore adjoining lands now or formerly of the Estate of J. C. Matheson, James Holcomb, and the United States Corps of Engineers.

TRACT TWO: ALL THAT TRACT or parcel of land, with improvements thereon, lying and being in the 1112th Georgia Militia District of Hart County, Georgia, containing 5.00 acres, more or less, being known as the Joe and Betty Griggs Homeplace, and being bounded, now or formerly, substantially as follows: on the North by the Hartwell Railroad right of way and on the East, South and West by other Griggs property, together with a 25 foot right of way leading from the Hartwell-Bowersville Road across the Hartwell Railroad right of

way, all as described in plat prepared by Dean
H. Teasley, Registered Land Surveyor, dated
December 23, 1993, of record in Plat Book 2E,
Page 188, in the Office of the Clerk of
Superior Court of Hart County, Georgia, which
plat and the recordation thereof are by
reference incorporated herein to aid in this
description.

Parcel ID No.: C56C-038 [TRACT ONE (44.9
Acres)]; Parcel ID No.: C56C-039 [TRACT TWO
(5.0Acres)].

(8)   385 S. MAIN STREET, HIAWASSEE, TOWNS COUNTY,
GEORGIA, and all buildings and appurtenances
thereon, more particularly described as follows:

ALL THAT TRACT or parcel of land lying and
being in Land Lots 111 & 118 of the 18th Land
District, 1st Section, being in the City of
Hiawassee, Towns County, Georgia, containing
1.003 acres, more or less, being designated as
Tract 2, as shown on a plat of survey prepared
for Scotty Fain by James L. Alexander, R.S.,
under date of March 23, 2006, a copy of said
plat being of record in the office of the
Clerk of Superior Court of Towns County,
Georgia, in Plat Book 35, Page 285, to which
said plat and the record thereof reference is
hereby made for a more complete description.

The property is conveyed subject to the one
hundred-foot (100') right of way of U.S. Hwy
No. 76 and a forty-foot( 40') right of way of
Long View Road as shown on said plat.

The property is subject to a forty-foot(40')
ingress/egress, utility and sign easement as
shown on said plat.

Parcel ID No.: H003-176B.

(9)   108 GARDEN GATE DRIVE, CORNELIA, HABERSHAM COUNTY,
GEORGIA, and all buildings and appurtenances
thereon, more particularly described as follows:

ALL THAT TRACT or parcel of land lying and
being in Land Lot 171 of the 10th Land
District of Habersham County, Georgia, and in
the City of Cornelia, shown and designated as
Lot 7 containing 0.20 acres, more or less, Lot

8 containing 0.15 acre, more or less , Lot 9 containing 0.15 acre, more or less, all as shown on a plat of survey prepared for prepared for Motion Enterprise Properties, Inc. Of Garden Gates Apartments by Richard H. Holcomb, R.S., under dates of August 30, 2002, revised under dated of October 27, 2002, a copy of said plat being of record in the office of the Clerk of Superior Court of Habersham County, Georgia, in Plat Book 53, Page 88, to which said plat and the record thereof reference is hereby made for a more complete description.

TOGETHER WITH a non-exclusive easement for ingress and egress to and from the above described property via the course of Garden Gates Drive leading from Wayside Street as shown on the plat referred to above.

Parcel ID No.: 089D-083L.

(10) 239 PINE GROVE ROAD, CORNELIA, HABERSHAM COUNTY, GEORGIA, and all buildings and appurtenances thereon, more particularly described as follows:

ALL THAT TRACT or parcel of land lying and being in Land Lot 120 of the 10th Land District of Habersham County, Georgia, and being 3.6 acres, more or less, more fully described by Plat of Survey by Hubert Lovell, dated June 20, 1984, which plat is recorded in the Office of the Clerk of the Superior Court of Habersham County in Plat Book 20, Page 134, the description in said plat being specifically incorporated herein and made a part of this instrument.

Parcel ID No.: 047-068.

(11) 4749 MURRAY COVE ROAD, TIGER, RABUN COUNTY, GEORGIA, and all buildings and appurtenances thereon, more particularly described as follows:

TRACT ONE: All that tract or parcel of land lying and being in Land Lots 94 and 95 of the 5th Land District, Rabun County, Georgia and being Tract 1 consisting of 1.84 acre which includes Lot 1 frontage area being lake frontage for Tract 1 as more fully described on a plat of survey prepared by T. Lamar

Edwards, GRLS No. 1837, last revised December 11, 2000 and recorded in Plat Book 50, page 66 of the Rabun County, Georgia plat records. Said plat and the record thereof being incorporated herein by reference for a more full and complete description of the property described herein.

TRACT TWO: All that tract or parcel of land lying and being in Land Lots 94 and 95 of the 5th Land District, Rabun County, Georgia and being Tract 1A consisting of 1.15 acres as more fully described on a plat of survey prepared by T. Lamar Edwards, GRLS No. 1837, last revised December 11, 2000 and recorded in Plat Book 50, page 66 of the Rabun County, Georgia plat records. Said plat and the record thereof being incorporated herein by reference for a more full and complete description of the property described herein.

Parcel ID No. LB14 006E.

C.    PERSONAL PROPERTY:

(1)    Assorted jewelry more particularly described as follows:

(a)    one 18kt yellow and white gold diamond ring with 1.07 ct round cut chocolate brown diamond and 1.30 ct round cut diamonds;

(b)    one 18kt yellow and white gold diamond pendant with .77 ct round cut chocolate brown diamond and .32 ct round cut diamonds;

(c)    one pair 18kt yellow and white gold diamond earrings with 1.0 ct total weight chocolate brown diamonds and .64 ct total weight round cut diamonds;

(d)    one 14 kt white gold sapphire and diamond ring;

(e)    one pair 14 kt white gold diamond earrings with 1.76 total weight chocolate brown diamonds and .24 ct total weight round cut diamonds;

    (f)   one pair white gold diamond "J" hoop earrings with 1.25 ct total weight diamonds;

    (g)   one 14 kt white gold diamond ring with 1.01 ct round cut chocolate brown diamond and 1.0 ct total weight round cut diamonds;

    (h)   one pair 18 kt white gold "inside out" diamond hoop earrings containing 3.0 ct total weight diamonds;

    (i)   one 18 kt yellow gold ladies diamond bangle bracelet with 1.02 ct Leo cut diamonds; and

    (j)   one 14 kt white gold ladies diamond ring with 2.0 ct total weight round cut chocolate brown and white diamonds.

(2)   Any and all interest the defendant has in the Multi-Restaurant Development Agreements ("MRDA") entered into with Zaxby's Franchising, Inc., more particularly described as follows:

    (a)   the MRDA entered into on or about December 16, 2004 with CAS Group, Inc. for locations in Franklin, North Carolina and Hiawassee, Georgia;

    (b)   the MRDA entered into on or about August 17, 2007 with TAS Group, Inc. for locations in Sullivan County, TN;

    (c)   the MRDA entered into on or about March 14, 2008 with TAS Group, Inc. for locations in Knox County, TN; and

    (d)   the MRDA entered into on or about March 14, 2008 with TAS Group, Inc. for locations in Washington County, VA.

(3)   Any and all shares and assets of The CAS Group, Inc.

(4)   Any and all shares and assets of The TAS Group, Inc.

(5)   Any and all shares and assets of Miryan Properties, Inc.

D.   BANK ACCOUNTS:

    (1)   Any and all bank accounts held in the name of The CAS Group, Inc., including but not limited to the following:

        (a)   The Bank of Hiawassee, Hiawassee, Georgia
account # 00057864
account # 00058117

        (b)   Nantahala Bank and Trust, Franklin, North Carolina
account # 10005455
account # 10005477

        (c)   First People's Bank, Jefferson City, Tennessee
account # 73056020
account # 73056038

    (2)   Any and all bank accounts held in the name of The TAS Group, Inc., including but not limited to the following:

        (a)   First Bank and Trust Co., Kingsport, Tennessee
account # 2040003220
account # 2040003212

        (b)   Regions Bank, Jefferson City, Tennessee
account # 0082786968
account # 0082786941

    (3)   Any and all bank accounts held in the name of Miryan Properties, Inc.

The defendant acknowledges that each asset covered by this agreement is subject to forfeiture pursuant to 18 U.S.C. § 982(a)(2)(A) as property constituting, or derived from, proceeds obtained directly or indirectly, as a result of the violation(s) to which the defendant is pleading guilty.

The defendant warrants that he is the sole owner of all of the assets described by this Plea Agreement, and the defendant warrants

that he has not transferred, conveyed, or encumbered his interest in any of those assets. The defendant acknowledges that the real properties identified above are titled in the name of R. Randy Jones, Sandy D. Strange, and/or Miryan Properties, Inc., which is a corporation owned and/or controlled by the defendant. The defendant hereby warrants, covenants, and represents that his wife, Sandy D. Strange, a/k/a Sandy Jones, did not contribute any monies towards the purchase of the real properties. The defendant agrees to execute quitclaim deeds conveying Miryan Properties, Inc.'s interest in any of the real properties to the Government. Similarly, the defendant agrees to cause his wife, Sandy D. Strange, a/k/a Sandy Jones, to execute quitclaim deeds conveying her interest in any of the above-listed real properties to the Government. In addition, the defendant represents that his wife, Sandy D. Strange, a/k/a Sandy Jones, did not contribute any funds towards the purchase of her interest in The TAS Group, Inc., The CAS Group, Inc., and The Miryan Properties, Inc. The defendant agrees to cause Sandy Jones to execute whatever documents are necessary conveying her interest in The TAS Group, Inc., The CAS Group, Inc., and The Miryan Properties, Inc., to the Government. The defendant agrees to hold all law enforcement agents and the United States, its agents, and its employees harmless from any claims whatsoever arising in connection with the seizure or forfeiture of any asset covered by this agreement.

## Restitution

The Defendant agrees to pay full restitution to all victims of the offense(s) to which he is pleading guilty and all relevant conduct, including, but not limited to, any counts dismissed as a result of this Plea Agreement. The Defendant understands that the amount of restitution owed to each victim will be determined at or before sentencing. The Defendant also agrees to cooperate fully in the investigation of the amount of restitution and the identification of victims.

## Special Assessment

At the time of the guilty plea, the Defendant will pay a special assessment in the amount of $100 by money order or certified check payable to the Clerk of Court, U.S. District Court, and will provide proof of such payment to the undersigned Assistant United States Attorney within 30 days after the guilty plea.

## Fine/Restitution - Terms of Payment

The Defendant agrees to pay any fine and restitution imposed by the Court to the Clerk of Court for eventual disbursement to the appropriate account or victim(s). The Defendant also agrees that the full fine and restitution amount shall be considered due and payable immediately. If the Defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, he agrees that the custodial agency and the Probation Office will have the authority to

establish payment schedules to ensure payment of the fine and restitution. The Defendant understands that this payment schedule represents a minimum obligation and that, should Defendant's financial situation establish that he is able to pay more toward the fine and restitution, the Government is entitled to pursue other sources of recovery of the fine and restitution. The Defendant further agrees to cooperate fully in efforts to collect the fine and restitution obligation by set-off of program payments, execution on non-exempt property, and any other means the Government deems appropriate. Finally, the Defendant and his counsel agree that Government officials may contact the Defendant regarding the collection of any fine and restitution without notifying and outside the presence of his counsel.

### Recommendations/Stipulations Non-binding

The Defendant understands and agrees that the recommendations of the Government incorporated within this Plea Agreement, as well as any stipulations of fact or guideline computations incorporated within this Plea Agreement or otherwise discussed between the parties, are not binding on the Court and that the Court's failure to accept one or more of the recommendations, stipulations, and/or guideline computations will not constitute grounds to withdraw his guilty plea or to claim a breach of this Plea Agreement.

### Limited Waiver of Appeal

To the maximum extent permitted by federal law, the Defendant

voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that the Defendant may file a direct appeal of an upward departure or a variance from the otherwise applicable sentencing guideline range.  The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government initiates a direct appeal of the sentence imposed, the Defendant may file a cross-appeal of that same sentence.

### FOIA/Privacy Act Waiver

The Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act of 1974, Title 5, United States Code, Section 552a.

### DNA Waiver

The parties agree that no biological evidence (as defined in Title 18, United States Code, Section 3600A) has been identified in this case; therefore, the Defendant understands and agrees that no evidence will be preserved for DNA testing.

## Forfeiture

The defendant hereby waives and abandons all interest in any asset described by this agreement in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal, and the defendant agrees that the forfeiture shall be accomplished either administratively or judicially at the government's option. The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, collateral attack, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. As to any asset described by this Plea Agreement, the defendant hereby waives the requirements of 18 U.S.C. § 983, Rule 4 of the Federal Rules of Civil Procedure, and Supplemental Rule G, regarding notice of seizure in judicial forfeiture matters and the requirements of Federal Rules of Criminal Procedure 7, 11, 32.2, 41, and 43 as they apply in any manner to any forfeiture issue. The defendant hereby waives all constitutional, legal, and equitable claims to such assets and all defenses to the forfeiture of such assets in any proceeding, including proper notice, timeliness of the notice, innocent ownership, defenses arising in connection with any provision of 18 U.S.C. § 983, and excessive fines.

If the government elects to proceed judicially against any

asset, by entering into this Plea Agreement, the defendant authorizes the Court to immediately enter a preliminary order of forfeiture against all property described by this agreement, consents to that order becoming final as to him at the time of entry, and agrees that the order shall become part of his sentence and be incorporated into the judgment against him automatically at the time of its entry without further action from the Court. If the forfeiture is to be accomplished in a parallel civil action, the defendant authorizes the court to the entry of a civil Judgment and Order of Forfeiture without further notice to him and waives all defenses to forfeiture as described above. To the extent that the Government institutes or has instituted any civil judicial forfeiture proceeding to which the defendant is or becomes a party, the defendant agrees that he shall be responsible for his attorneys fees and costs incurred in connection with that action.

With regard to all forfeitable assets, the defendant agrees to take all steps necessary to ensure that the property is not hidden, sold, wasted, destroyed, or otherwise made unavailable for forfeiture. In addition, the defendant agrees not to file a Claim, Answer, or petition for remission for such asset in any administrative or judicial proceeding that may be initiated or that has been initiated. The defendant agrees to take all steps requested by the United States to pass clear title to the forfeitable assets to the United States, to cooperate truthfully and completely with the Government in all matters related to the

forfeiture of assets in connection with the facts and circumstances giving rise to this prosecution, and to testify truthfully in any forfeiture proceeding relating to his cooperation.

The defendant acknowledges that he is not entitled to use forfeited assets to satisfy any tax obligations, fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.   However, to the extent that the Government remits proceeds of an asset forfeited in connection with this case to a person or entity entitled to receive restitution from the defendant, upon a determination that defendant has no other assets from which to satisfy, in whole or in part, any restitution obligation, the defendant may ask the Court to reduce his/her restitution obligation by the amount remitted to that victim.  The Government agrees to forward a copy of the restitution order to the Chief of the Asset Forfeiture and Money Laundering Section ("AFMLS") of the United States Department of Justice Criminal Division with a written request that property forfeited in the same and/or related civil, criminal or administrative forfeiture proceedings, be used to compensate the victim(s) and losses specified in the restitution order, provided that the Government determines that the requirements for restoration as set forth in AFMLS Forfeiture Policy Directive 02-1, Paragraph III.A., are met.

## No Other Agreements

There are no other agreements, promises, representations, or understandings between the Defendant and the Government.

In Open Court this _20_ day of _JANUARY_ , 2011.

_____
SIGNATURE (Attorney for Defendant)
W. Bruce Maloy

SIGNATURE (Defendant)
Robert Randal Jones

_____
SIGNATURE (Assistant U.S. Attorney)
J. Russell Phillips

_____
SIGNATURE (Approving Official)
Randy Chartash

_____JANUARY 19, 2011_____
DATE

I have read the Information against me and have discussed it with my attorney.   I understand the charges and the elements of each charge that the Government would have to prove to convict me at a trial.   I have read the foregoing Plea Agreement and have carefully reviewed every part of it with my attorney.   I understand the terms and conditions contained in the Plea Agreement, and I voluntarily agree to them.   I also have discussed with my attorney the rights I may have to appeal or challenge my conviction and sentence, and I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and sentence or challenging my conviction and sentence in any post-conviction proceeding.   No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement.   The discussions between my attorney and the Government toward reaching a negotiated plea in this case took place with my permission.   I am fully satisfied with the representation provided to me by my attorney in this case.

_____       _____
SIGNATURE (Defendant)                                DATE   1 / 20 / 2011

I am ROBERT RANDAL JONES'S lawyer.   I have carefully reviewed the charges and the Plea Agreement with my client.   To my knowledge, my client is making an informed and voluntary decision to plead guilty and to enter into the Plea Agreement.

_____       _____
SIGNATURE (Defense Attorney)                     DATE   20 JAN 2011

Page 27 of 29

INFORMATION BELOW MUST BE TYPED OR PRINTED

W. Bruce Maloy
NAME (Attorney for Defendant)

Robert Randal Jones
NAME (Defendant)

75 Fourteenth Street, NW
25th Floor
STREET

STREET

Atlanta, GA 30309
CITY & STATE     ZIP CODE

CITY & STATE     ZIP CODE

PHONE NUMBER (404) 875-2700

PHONE NUMBER

STATE BAR OF GA NO. 468525

Filed in Open Court

By _____

U. S. DEPARTMENT OF JUSTICE
Statement of Special Assessment Account

This statement reflects your special assessment only. There may be other penalties imposed at sentencing.

| ACCOUNT INFORMATION | |
|---|---|
| CRIMINAL ACTION NO.: | CRIMINAL NO. 2:11-CR-001 |
| DEFENDANT'S NAME: | ROBERT RANDAL JONES |
| PAY THIS AMOUNT: | $100 |

INSTRUCTIONS:

1.   PAYMENT MUST BE MADE BY **CERTIFIED CHECK** OR **MONEY ORDER** PAYABLE TO:

CLERK OF COURT, U.S. DISTRICT COURT

**\*PERSONAL CHECKS WILL NOT BE ACCEPTED\***

2.   PAYMENT MUST REACH THE CLERK'S OFFICE WITHIN 30 DAYS OF THE ENTRY OF YOUR GUILTY PLEA

3.   PAYMENT SHOULD BE SENT OR HAND DELIVERED TO:

Clerk of Court
U.S. District Court
121 Spring Street, SE
Gainesville, GA 30501

(Do not Send Cash)

4.   INCLUDE DEFENDANT'S NAME ON **CERTIFIED CHECK** OR **MONEY ORDER**

5.   ENCLOSE THIS COUPON TO INSURE PROPER AND PROMPT APPLICATION OF PAYMENT

6.   PROVIDE PROOF OF PAYMENT TO THE ABOVE-SIGNED AUSA WITHIN 30 DAYS OF THE GUILTY PLEA